**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH ARDINO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SRA ASSOCIATES, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOSEPH ARDINO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, SRA ASSOCIATES, INC., (hereinafter "SRA") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  More specifically, SRA in its regular course of business mails to New Jersey Consumers collection notices attempting to collect debts allegedly due to others, which contains language that is confusing and overshadows the required validation notice as set forth in 15 U.S.C. §1692g et seq.  In addition SRA has voice messages threatening to action which it is not legally allowed to take.

- 1 -

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SRA is a domestic law firm with its office located at 401 Minnetonka Road, Hi Nella, New Jersey 08083.

8.      Upon information and belief, SRA is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

9.      More specifically, SRA has attempted to collect a debt allegedly owed by Plaintiff to Dell Financial Services.

10.      SRA regularly uses the  United States Postage Service when attempting to collect past due debts and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13.     This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

14.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether the defendants violated various provisions of the FDCPA including but not limited to: Section §§ 1692g et seq,; 1692e(5); and 1692e(10);

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

15.     On or about December 13, 2010, SRA mailed a letter to Plaintiff attempting to collect a consumer debt allegedly owed by Plaintiff to Dell Financial Services.  A copy of said letter is annexed hereto as Exhibit A.

16.     Said letter requested payment in the amount $2,854.04.

17.     Said letter stated in part, "However, as a courtesy to you, we will withhold collection procedures to allow you ample time to resolve this matter."

18.     Upon receipt Plaintiff read said letter.

19.     On February 17, 2011, Plaintiff through his attorneys sent a letter to SRA, (via facsimile, certified mail, and first class mail) disputing the alleged debt, demanding verification

of the alleged debt, and instructing SRA to immediately Cease and Desist all collection efforts and communications with Plaintiff. A copy of said letter is annexed hereto as <u>Exhibit B.</u>

20.    On or about March 2, 2011, SRA mailed to Plaintiff's attorneys documents it alleges supports it claim of the alleged debt.  A copy of the cover letter is annexed hereto as <u>Exhibit C</u>.

21.    On March 15, 2011, SRA, through its employee Veronica Fulton, called Plaintiff's attorneys and left a voice message threatening to contact Plaintiff directly if she did not receive an immediate return telephone call.

<u>**COUNT I**</u>

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
<u>**VIOLATION OF 15 U.S.C. § 1692g et seq.**</u>

22.    Plaintiff repeats the allegations contained in paragraphs 1 through 21 as if the same were here set forth at length.

23.    Collection letters and/or notices such as those sent by SRA are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24.    Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

25.    Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- a statement that if the consumer notifies the debt collector in writing within the

thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.     SRA violated Section 1692g et seq., of the FDCPA by sending a notice to Plaintiff on or about December 13, 2010, attempting to collect an alleged debt, which stated in part, "However, as a courtesy to you, we will withhold collection procedures to allow you ample time to resolve this matter."

27.     The least sophisticated consumer upon reading the notice will be confused as to when the time the "amply time to resolve this matter" would end.

28.     The least sophisticated consumer upon reading the notice will be confused as to when the collection procedures would in fact begin.

29.     The least sophisticated consumer upon reading the notice will be confused as to what "resolve this matter" means.

30.     The least sophisticated consumer upon reading the notice will be confused as to whether he had "amply time" to disputed the alleged and resolve the matter or whether he had only thirty days from receiving the collection notice to dispute the debt.

31.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

**COUNT II**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

32.     Plaintiff repeats the allegations contained in paragraphs 1 through 31 as if the same were here set forth at length.

33.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

34.     SRA violated Section 1692e(10) of the FDCPA by to mailing a letter to Plaintiff in an attempt to collect the alleged debt which was confusing and falsely represented Plaintiff's rights to disputed the alleged debt.

35.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(5)

36.     Plaintiff repeats the allegations contained in paragraphs 1 through 35 as if the same were here set forth at length.

37.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

38.     SRA violated Section 1692e(5) of the FDCPA, when its employee, Veronica Fulton placed a voice mail on the undersigned attorney's direct line, threatening to contact Plaintiff directly if the undersigned attorney did not immediately return her telephone call.

39.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(5) of the FDCPA, actual damages, statutory

damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
          March 15, 2011

_s/ Joseph K. Jones_____
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*_____
Joseph K. Jones, Esq.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 15, 2011

*s/ Joseph K. Jones*_____
Joseph K. Jones, Esq.

# Exhibit

# A

DEPT 1607    9203286210126
P.O. BOX 4115
CONCORD CA 94524

December 13, 2010

# SRA ASSOCIATES, INC.

401 Minnetonka Rd.
Hi Nella, NJ 08083
(888) 816-9952

RETURN SERVICE REQUESTED

JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

OUR CLIENT
DELL FINANCIAL SERVICES
CLT. ACCT #:      ***************9994
OUR ACCT #:      02112712
AMOUNT DUE:      $2,854.04

DEAR JOSEPH ARDINO:

Your account has been placed with our office for collection procedures. Our client has authorized us to utilize any proper methods necessary to enforce payment of this debt. However, as a courtesy to you, we will withhold collection procedures to allow you ample time to resolve this matter.

We therefore urge that you remit payment in full to our office.

Please send the balance in full to: SRA Associates, Inc. 401 Minnetonka Rd. Hi Nella, NJ 08083. For proper credit to your account, return this notice along with your payment.

## IMPORTANT CONSUMER NOTICE

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Sincerely,
SRA Associates, Inc.

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

---

### ***SEND THIS NOTICE WITH YOUR PAYMENT***

(___) ENCLOSED IS PAYMENT IN FULL.

### ***MAKE YOUR MONEY ORDER PAYABLE TO "DELL FINANCIAL SERVICES"***

SRA ASSOCIATES, INC.
401 Minnetonka Rd.
Hi Nella, NJ 08083

JOSEPH ARDINO  02112712
475 RAGLAND DR
ROSELLE PARK NJ 07204-2417

Amount Due: $2,854.04

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

110 Wall Street
11th Floor
New York, NY 10005
212-709-8301

February 17, 2011

**Via Facsimile 856-755-1244, Certified Mail 7010 0290 0003 1643 9607, and First Class Mail**
SRA Associates, Inc.
401 Minnetonka Road
Hi Nella, New Jersey 08083

Re:   **Joseph Ardino**
      **Your Client: Dell Financial Services**
      **Your Account No.: 02112712**

To Whom It May Concern:

This firm has been retained to represent the interest of Joseph Ardino, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Ardino.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New Jersey office.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at law

JKJ: dp
cc:  Joseph Ardino

✳ ✳ ✳ Communication Result Report ( Feb. 17. 2011 12:34PM ) ✳ ✳ ✳

1)
2)

Date/Time: Feb. 17. 2011 12:33PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4178 | Memory TX | 18567551244 | P.  1 | OK | |

---

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                      E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

*Law Offices of*

## Joseph K. Jones, LLC
*Attorney at Law*

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

110 Wall Street
11th Floor
New York, NY 10005
212-709-8391

February 17, 2011

Via Facsimile 856-755-1244, Certified Mail 7010 0290 0003 1643 9807, and First Class Mail
SRA Associates, Inc.
401 Minnetonka Road
Hi Nella, New Jersey 08083

Re:   Joseph Ardino
      Your Client Dell Financial Services
      Your Account No.: 02112712

To Whom It May Concern:

This firm has been retained to represent the interest of Joseph Ardino, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Ardino.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New Jersey office.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at Law

JKJ: dp
cc:   Joseph Ardino



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ .44 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.54 |

Postmark Here
WEST CALDWELL NJ
2011 17 FEB
USPS 07004-9998

7010 0290 0003 1643 9607

Sent To
SRA Associates, Inc.
Street, or PO
City, St
401 Minnetonka Road
Hi Nella, New Jersey 08083

PS Form

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
2-22-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

SRA Associates, Inc.
401 Minnetonka Road
Hi Nella, New Jersey 08083

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service lab.)
7010 0290 0003 1643 9607

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# Exhibit

# C

# SRA Associates, Inc.

**401 MINNETONKA RD**
**HI-NELLA, NJ 08083**
**800-735-0552**
**FAX 856-755-1244**

March 2, 2011

Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue
Suite 100
Fairfield, NJ 07004

Re: Joseph Ardino
Our File #: 02112712

Dear Mr. Jones,

SRA Associates, Inc. has been retained to serve as agents on behalf of Dell
Financial Services in a collection matter concerning your client, Joseph Ardino.
Enclosed please find the copy of the verification of debt you had requested.

Please respond to me concerning your clients' intentions within fourteen days of
receipt of this information. If we do not receive a response from you, we will be advising
Dell Financial Services to proceed accordingly with collection efforts.

If you have any questions, please feel free to contact us directly.

Sincerely,

SRA Associates, Inc.

This is a communication from a debt collector attempting to collect a debt. Any
information obtained will be used for that purpose.